Matter of Meyerowitz (2026 NY Slip Op 01920)

Matter of Meyerowitz

2026 NY Slip Op 01920

Decided on March 31, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Motion No. 2026-00331|Case No. 2026-00342|

[*1]In the Matter of Ira Scott Meyerowitz, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ira Scott Meyerowitz (OCA Atty. Reg. No. 2779213), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ira Scott Meyerowitz, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 7, 1996.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Vitaly Lipkansky, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Ira Scott Meyerowitz was admitted to the practice of law in the State of New York by the First Judicial Department on October 7, 1996.[FN1] Respondent maintains a registered address in the First Judicial Department. Respondent is also admitted to practice in the Southern and Eastern Districts of New York.
By motion dated January 13, 2026, respondent seeks an order accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. In support of his application, respondent submitted an affidavit of resignation, which conforms to the format set forth in Appendix A to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10. Respondent maintains that his resignation is freely and voluntarily rendered without coercion or duress by anyone and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors at law. The Attorney Grievance Committee (AGC) does not oppose acceptance of respondent's resignation.
Respondent attests that he is presently the subject of an investigation by the AGC involving allegations of professional misconduct. Specifically, respondent acknowledges "that in two matters involving clients [R.I.] and [R.D.], funds entrusted to [respondent] for deposit in [his] attorney escrow account, in the approximate amounts of $8,000 and $20,000, respectively, were not maintained and safeguarded in strict compliance with [respondent's] fiduciary obligations as an attorney [and] were misapplied or misappropriated in that at certain times the balance in that escrow account fell below the amounts [respondent] should have been holding in trust for those clients." Respondent further attests that he cannot successfully defend against the allegations in a disciplinary proceeding.
Further, respondent states that his clients, R.I. and R.D. "have been paid in fullall amounts owed to them, and that [respondent] made these payments on [his] owninitiative, prior to [his] knowledge of the commencement of any disciplinaryinvestigation concerning these matters, and that no court or disciplinary order hasbeen required to compel restitution." Nonetheless, respondent acknowledgesthat his "resignation is submitted subject to any future application that may be made bya Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that [he] make restitution or reimburse the Lawyers' Fund for Client Protection, and [he] consents to the continuing jurisdiction of the Appellate Division to make such an order."
Respondent acknowledges and agrees that pending the order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity inany fiduciary account to which he has access other than for the payment of funds heldtherein on behalf of clients or others entitled to receive them. Respondent also understands that, if the Court accepts his resignation, the resulting order and the records and documents filed in relation to the allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Court accepts respondent's resignation. Respondent's affidavit conforms with 22 NYCRR 1240.10 and this Court has previously accepted the resignation of attorneys alleged to have converted and/or misappropriated client funds. Also, resignations have been accepted in instances where, like here, full restitution has been made (see Matter of Dubal, 151 AD3d 34 [1st Dept 2017]).
Accordingly, respondent's motion is granted and his resignation accepted. Respondent's name shall be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 13, 2026, the date of his affidavit of resignation.
All concur.
Wherefore, it is Ordered that the application of respondent, Ira Scott Meyerowitz, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 13, 2026, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Ira Scott Meyerowitz, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Ira Scott Meyerowitz, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Ira Scott Meyerowitz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 31, 2026

Footnotes

Footnote 1: Respondent is pro se.